Filed 11/8/22  P. v. Mondragon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MAURILO MONDRAGON,<br><br>    Defendant and Appellant. | B316806<br>(Los Angeles County<br> Super. Ct. No. PA095095) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In August 2020, defendant Maurilo Mondragon was charged by felony complaint with two counts of willful infliction of corporal injury on a spouse or cohabitant (Pen. Code, § 273.5, subd. (a); counts 1-2),[1] and one count of forcible oral copulation (§ 287, subd. (c)(2)(A); count 3). At his preliminary hearing on December 3, 2020, defendant pled no contest to one count of willful infliction of corporal injury on a spouse or cohabitant.[2] He was sentenced to four years in state prison, execution of which was suspended. The court placed defendant on formal probation for four years subject to various terms and conditions, including a requirement that he complete a 52-week domestic violence counseling program.

At a court appearance on March 25, 2021, defendant admitted he had violated the terms of his probation by failing to consistently report to probation, and failing to enroll in a domestic violence counseling program. The court accepted the admission, found defendant in violation of probation, and revoked and reinstated probation. In April 2021, the probation department reported that defendant had enrolled in a domestic violence counseling program.

Defendant's probation was again revoked on July 27, 2021, for failure to report to probation and personally appear in court. The court issued a bench warrant, and on November 2, 2021, defendant was remanded. At a probation violation hearing the same day, the court

---

[1]    Subsequent references to statutes are to the Penal Code.

[2]    Defendant pled no contest on count 2, and gave a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) on the remaining counts.

took judicial notice of the filed probation reports. After defendant provided a statement to the court under oath, the court revoked defendant's probation and sentenced him to the previously suspended term of four years imprisonment.

Defendant filed a notice of appeal from the judgment. His appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, requesting that we conduct an independent examination of the record. We notified defendant that he had 30 days to file a supplemental brief raising any contentions or arguments he wished this court to consider. To date, we have received no response.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

MANELLA, P. J.                    COLLINS, J.

3